IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 06-20073-02-KHV |
| VERNON M. BRONSON, ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

At a hearing on defendant's motion to suppress on December 15, 2006, Vernon M. Bronson asked for a copy of an audio tape interview of Edward Wiley which government counsel conducted on October 19, 2006. For reasons stated below, defendant is not entitled to a copy of the audio tape at this time.

At the hearing on defendant's motion to suppress, defendant called Wiley to testify.[1] During the examination of Wiley, defense counsel discovered that the government had interviewed Wiley on October 19, 2006 and that it has an audio tape recording of Wiley's statement. Defendant argues that the

---

[1] Defendant's motion involves two issues: (1) whether the search warrant for the apartment was based on probable cause and (2) whether officers omitted material information which would have negated probable cause in violation of Franks v. Delaware, 438 U.S. 154 (1978). Defendant has the burden of proof on both issues. See United States v. Esser, 451 F.3d 1109, 1112 (10th Cir. 2006) (defendant has burden of showing constitutional infirmity in search warrant); United States v. Carhee, 27 F.3d 1493, 1496 (10th Cir. 1994) (where search pursuant to warrant, defendant has burden to show that officers did not establish probable cause); United States v. Kennedy, 131 F.3d 1371, 1376 (10th Cir. 1997) (hearing on veracity of affidavit only required if defendant makes substantial showing that affidavit contains intentional or recklessly false statements and affidavit, purged of falsities, would be insufficient to support finding of probable cause); see also United States v. Gonzales, 399 F.3d 1225, 1229 (10th Cir. 2005) (to show reliance on warrant not in good faith, defendant must prove that officer acted intentionally or recklessly in omitting information).

tape is discoverable under the Jencks Act, 18 U.S.C. § 3500. The Court has reviewed a copy of the audio tape *in camera*. Wiley's statement on the audio tape largely tracks his testimony at the hearing on the motion to suppress, <u>i.e.</u> (1) except for his initial denial of involvement in the theft of items from the truck, Wiley told officers the truth during his interviews with them and (2) during interviews in August and October of 2006 with an investigator from the Federal Public Defender's Office, Wiley lied to get rid of the investigator. Under the Jencks Act, "after a witness *called by the United States* has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b) (emphasis added). Rule 26.2, Fed. R. Crim. P., also provides that "[a]fter a witness other than the defendant has testified on direct examination, the court, *on motion of a party who did not call the witness*, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." (emphasis added). Because defendant called Wiley to testify, he is not entitled to Wiley's statement in the possession of the government under the Jencks Act or Rule 26.2.[2]

**IT IS THEREFORE ORDERED** that Vernon M. Bronson's oral motion for a copy of an audio tape interview of Edward Wiley conducted by government counsel on October 19, 2006 be and hereby is **OVERRULED**.

---

[2] The Court also notes that the audio tape does not constitute exculpatory evidence under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), or <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and their progeny.

Dated this 22nd day of December, 2006 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                KATHRYN H. VRATIL
                                                United States District Judge